COMMONWEALTH *vs.* CATHERINE KEYES.

The giving in evidence by one party of part of a conversation entitles the other party to introduce so much of the rest of it only as relates to the same subject.

On the trial of a complaint for unlawfully selling intoxicating liquor, a witness testified that he and another man went into a shop and bought liquor, and after they had come out his companion told him that the name of the seller was that of the defendant. *Held*, that this did not entitle the defendant to ask the witness what else was said, or why they went there.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for an unlawful sale of intoxicating liquor to John Walton. At the trial in the court of common pleas, before *Bishop*, J., Marshall Smith testified that he went with Walton into a shop where there were two or three women, one of whom poured out liquor for them, which Walton paid for. On cross-examination, the witness said he had never been in the shop nor seen the women before, and did not know the woman's name who helped them, until Walton told him after they had come out; and that Walton had left the State. The district attorney then asked the witness by what name Walton called the woman, and he answered, "Mrs. Keyes." The defendant desired to ask the witness "what further was said by Walton about the transaction; and the reason, if any, why he

went there." But the judge refused to allow the questions to be put. The defendant, being convicted, alleged exceptions.

*T. H. Sweetser & W. S. Gardner,* for the defendant. The defendant was entitled to put the questions, under the general rule that one party having put in a portion of a conversation, the other party is entitled to have the whole of it, whether material or not. 1 Greenl. Ev. §§ 467, 468. *Blewett* v. *Tregonning,* 3 Ad. & El. 554. But it might have been very material. The reason why the witness went to the shop might also have affected his credit with the jury; and for this reason the defendant was entitled to have this question answered.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

MERRICK, J. The exception of the defendant rests upon the objection that she was debarred from proving the residue of a conversation of which a part had been produced in evidence in support of the prosecution against her. It is undoubtedly the general rule that whenever the statements, declarations or admissions of a party are made subjects of proof, all that was said by him at the same time and upon the same subject is admissible in his favor, and the whole should be taken and considered together. This is essential to a complete understanding of what he intended to express by the particular phrases and language which he used. To give effect to general statements, without regard to the qualifications with which they are accompanied, and by which they may be materially modified, would manifestly lead to error, and be likely to be directly productive of injustice. All therefore is to be heard and weighed before it can be affirmed that the force and effect of language, whether written or spoken, are fully and justly apprehended. In the construction of contracts, the same principle prevails, requiring that each particular part shall be examined and considered, in order to learn and comprehend the scope and purport of the whole. All writings, whether of a public or private character, are to be subjected to the same kind of scrutiny. No provision of a statute, however minute, is to be overlooked when searching for the design and object of the legislature in its enactment, and in considering how it ought to be interpreted and

explained; just as particular covenants in a deed, or devises in a will, are to be construed according to the intent of the parties in the one case, and of the testator in the other, so far as it can be ascertained by bringing into view all the expressions and provisions contained in these respective instruments. *Barton* v. *Fitzgerald*, 15 East, 541. *Atwood* v. *Cobb*, 16 Pick. 227. *Jarvis* v. *Buttrick*, 1 Met. 480.

But there is an important limitation to the rule, in giving evidence of conversations or of oral statements and declarations. The proof in such case is to be confined to what was said upon or concerning those matters which are made subjects of inquiry or investigation. Every remark or observation made upon those topics is to be received as competent evidence, because they may essentially modify the character and purport of the whole conversation, and vitally affect what might otherwise appear to be explicitly asserted or denied. 1 Greenl. Ev. §§ 201–218. But if, during the same interview between the witness and the party, other subjects of conversation or discussion are introduced, remote and distinct from that which is the object of inquiry or investigation, it is obvious that whatever may be said concerning them can have no tendency to illustrate, vary or explain it. Everything pertaining to these additional and extraneous matters should therefore be rejected as irrelevant and useless. *The Queen's case*, 2 Brod. & Bing. 294. *Prince* v. *Samo*, 7 Ad. & El. 627.

For this reason, the ruling to which exception is taken by the defendant must be considered as unobjectionable. It appears that Smith, a witness produced in behalf of the government, testified on cross-examination to a conversation which he had with Walton, after they left the shop where the liquor, the sale of which constituted the offence alleged against the defendant was procured, relative to the woman from whom they obtained it. Before reëxamination the district attorney asked him by what name the woman was called by Walton ; to which it was answered, " He called her Mrs. Keyes." This inquiry was limited precisely to what was said by Walton concerning the name of the woman, and necessarily restricted the reply to that matter

alone. It did not in the least degree refer to anything which Walton might have said relative to the act of sale, or to what took place in the shop before they left it. The two things were entirely distinct and independent of each other. The first related merely to the identity of the woman ; the other, to an act alleged to have been done in violation of law. It is easy to see what, in this position of the case, were the extent and limit of the right of the defendant in pursuing the examination in reference to the inquiry which had already been made. She was entitled to pursue it for the purpose of drawing out from the witness everything whatever which was said by Walton, directly or indirectly, concerning the name or identity of the woman ; but having exhausted his knowledge on that subject, she could not proceed to bring in statements or declarations on another subject essentially distinct and different. She desired to ask what further was said about the transaction ; which plainly must be understood to have been an inquiry what was said concerning the act of sale with which the defendant was charged in the complaint. The statement or declaration of Walton on that subject could be nothing more than mere hearsay, and was of course in itself inadmissible. And the answer given to the inquiry concerning the name of the woman could not make it competent.

It does not appear, from anything disclosed in the bill of exceptions, that the reason why Walton went into the shop where the liquor was procured was of the least consequence to either of the parties ; nor that the attention of the court was called to the interrogatory in relation to that matter, as distinct from the call upon Smith to testify of the facts within his personal knowledge concerning the act of sale charged as an offence against the defendant. The reason why Walton went into the shop, as well as what he said he went in there for, was quite immaterial. He was not a witness in the case ; and neither his purpose nor expressions concerning it were entitled to exert any influence, or even to be considered, in its decision. *Exceptions overruled.*